UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL ACTION NO. 18-58-DLB

TARON DONTRELL CHERRY                                                              PETITIONER

VS.                          **MEMORANDUM OPINION AND ORDER**

WARDEN, USP-MCCREARY                                                              RESPONDENT

*** *** *** ***

Taron Dontrell Cherry pled guilty in 2016 to being a felon in possession of a firearm, and was sentenced to 70 months in prison. *United States v. Taron Cherry*, No. 4:15-cr-269 (E.D. Mo. 2016). Cherry is now an inmate at the United States Penitentiary – McCreary in Pine Knot, Kentucky. Proceeding without a lawyer, Cherry filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he attacks his 70-month sentence. (Doc #1). Ultimately, Cherry argues that trial court erred when it determined that he was previously convicted of a crime of violence and, thus, subject to an enhanced sentence under the United States Sentencing Guidelines.

Cherry's petition, however, constitutes an impermissible collateral attack on his sentence. Although a federal prisoner may challenge the legality of his sentence on direct appeal and through a motion pursuant to 28 U.S.C. § 2255, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). This is

1

because a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Put simply, Cherry cannot use a § 2241 petition as a way of challenging his sentence.

Cherry nevertheless argues that he can attack his sentence in a § 2241 petition, and he cites *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), to support his position. It is true that, in *Hill*, the Sixth Circuit indicated for the first time that a prisoner may challenge his sentence in a § 2241 petition. However, in doing so, the court expressly limited its decision to the following, very narrow circumstances:

> (1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 . . . (2005), (2) who were foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Id.* at 599-600.

Those circumstances do not apply here. The trial court sentenced Cherry in 2016, well after the Supreme Court decided *Booker*. In addition, although Cherry has cited a number of decisions, he has not clearly identified a subsequent, retroactive change in statutory interpretation by the Supreme Court that appears relevant to his case. In particular, Cherry's heavy reliance on *Mathis v. United States*, 136 S. Ct. 2243 (2016) is misplaced, as the Sixth Circuit has recently explained in a published decision that "*Mathis* was dictated by prior precedent (indeed two decades worth)," and, thus, did not announce

a new rule, let alone a retroactive one. *In re Conzelmann*, 872 F.3d 375, 376-77 (6th Cir. 2017). In short, Cherry's petition falls outside of *Hill*'s narrow confines and, therefore, he cannot attack his sentence in a § 2241 petition.

Accordingly, it is hereby **ORDERED** as follows:

(1) Cherry's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. #1) is **DENIED**;

(2) This action will be **DISMISSED** and **STRICKEN** from the Court's docket; and

(3) A corresponding **Judgment** will be entered on this date.

This 1st day of March, 2018.

Signed By:
*David L. Bunning* DB
United States District Judge

K:\DATA\ORDERS\ProSe\Cherry 18-58-DLB Memorandum CDS.docx